UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME FELDMAN,

                         Plaintiff,                3:12-CV-0041
                                                   (DNH/DEP)

            -v-

JAMES LYONS, JR., F.B.I. Agent; AGENT
JOHN, F.B.I. Agent; and KUYA KALLOY,
Immigration Police Chief,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

JEROME FELDMAN
Plaintiff, pro se
# 501100842
Broward County Jail
555 S.E. 1st Ave
Fort Lauderdale, FL 33301


DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I.    Introduction

        Presently pending is a civil rights complaint filed by pro se plaintiff Jerome

Feldman ("plaintiff" or "Feldman") along with an application to proceed with this matter

in forma pauperis ("IFP").  Dkt. Nos. 1, 2.  Plaintiff's complaint, brought utilizing a form

identified as a "civil rights complaint pursuant to 42 U.S.C.§ 1983," purports to make

claims for illegal search and seizure, false arrest, malicious prosecution, and false

imprisonment against two agents of the Federal Bureau of Investigation ("FBI") and a

Filipino immigration police officer.  The claims stem from Feldman's arrest in the

Philippines for criminal violations of the United States Code during a time that he was a

fugitive from justice on charges of Medicare and Medicaid fraud emanating from the

United States District Court for the Middle District of Florida.[1]  Dkt. No. 1.

For the reasons set forth below, all of plaintiff's claims will be dismissed

## II.    Discussion

### A.    In Forma Pauperis

After reviewing the entire file, it is found that the plaintiff has established financial

need to commence this action without pre-payment of the filing fee.  His application for

leave to proceed in forma pauperis will therefore be granted.

### B.    Governing Standard the Court's Review

Since it is found that plaintiff meets the financial criteria for commencing this

case in forma pauperis, the sufficiency of the complaint must be considered in light of

28 U.S.C. § 1915(e).  Section 1915(e) directs that when a plaintiff seeks to proceed in

forma pauperis, the court:

(2) [S]hall dismiss the case at any time if the court determines that - * * *

(B) the action ... (I) is frivolous or malicious; (ii) fails to state

---

[1]  Plaintiff is familiar to this court, having been convicted, on or about May 27, 2010, of five counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of health care fraud in violation of 18 U.S.C. § 1347, following his arrest in the Philippines.  See United States v. Jerome Howard Feldman, 5:09-cr-0074 (N.D.N.Y.) at Dkt. No. 43 and United States v. Jerome Howard Feldman, 5:09-cr-0241 (N.D.N.Y.) at Dkt. No. 10.  The judicial documents and official court records associated with those proceedings, as publically available documents, are properly considered by the court and entitled to judicial notice in connection with this proceeding. See Fed. R. Evid. 201, 1005; see also Wilson v. Ltd. Brands, Inc., 08 CV 3431, 2009 WL 1069165 at *1 n.1 (S.D.N.Y. Apr. 17, 2009).  Moreover, it is well established that a district court may rely on matters of public record in deciding whether to dismiss a complaint. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998) (citations omitted); see also Anderson v. Coughlin, 700 F.2d 37, 44 n.5 (2d Cir. 1983).

a claim on which relief may be granted; or (iii) seeks
monetary relief against a defendant who is immune from
such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a

complaint may properly be maintained in the district before it may permit the plaintiff to

proceed with his or her action in forma pauperis.  See id.

    In deciding whether a complaint states a colorable claim a court must extend a

certain measure of deference towards pro se litigants, Nance v. Kelly, 912 F.2d 605,

606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering

sua sponte dismissal of a pro se complaint before the adverse party has been served

and the parties have had an opportunity to respond, Anderson v. Coughlin, 700 F.2d

37, 41 (2d Cir. 1983).  There is, nonetheless, an obligation on the part of the court to

determine that a claim is not frivolous before permitting a plaintiff to proceed.  See

Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000)

(holding that district court may dismiss frivolous complaint sua sponte notwithstanding

fact the plaintiff has paid statutory filing fee); Wachtler v. Cnty. of Herkimer, 35 F.3d 77,

82 (2d Cir. 1994) (finding district court has power to dismiss case sua sponte for failure

to state a claim).

    When reviewing a complaint under § 1915(e), the court may also look to the

Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure

provides that a pleading that sets forth a claim for relief shall contain "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2).  The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as

3

to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" Hudson v. Artuz, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, —, 129 S. Ct. 1937, 1949 (2009). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## C.   Analysis of Plaintiff's Complaint

### 1.   Background

To the extent that plaintiff has alleged civil rights violations arising out of his criminal arrest and conviction, some discussion relating to the underlying criminal

proceedings is relevant to the analysis of plaintiff's complaint.  These facts are taken

from the decision of the Second Circuit on plaintiff's appeal from his conviction of health

care and wire fraud.  United States v. Feldman, 647 F.3d 450 (2d Cir. 2011).  From

1995 to 1997, Feldman, then a practicing psychiatrist, owned and operated the Jerome

Feldman Community Mental Health Center ("JFC Center") in two locations in Florida.

Id. at 453.  By June 1997, plaintiff had filed claims for, and had received, in excess of a

million dollars of Medicare and Medicaid funds.  Id.  Following an investigation by state

and federal authorities, in June 1997, Feldman's Medicare provider numbers were

suspended, and in September of that year all Medicare and Medicaid payments to the

JFC Center were suspended.  Id.

During the same time period that he had been engaging in Medicare and

Medicaid fraud through the JFC Center, Feldman operated three HIV clinics, also in

Florida.  Despite the fact that Feldman had been prohibited from receiving Medicare

funds, Feldman hired doctors with their own provider numbers and continued to bill

Medicare under those numbers for services provided at the HIV clinics.  Id.

On August 23, 1999, Feldman entered into a plea agreement with the United

States, admitting that he was guilty of committing health care fraud through his

operation of the FJC Center.  United State v. Feldman, 64 F.3d at 455.  When Feldman

failed to appear at his subsequent initial conference scheduled in the District Court for

the Middle District of Florida, the United States Attorney filed a criminal complaint

against him, and the district court issued a warrant for his arrest.  Id. at 454.  On

November 10, 1999, Feldman became a fugitive from justice, having fled to the

Philippines.  Id.  Thereafter, Feldman created a website, www.liver4you.org, through

which he offered live kidney transplants and live or cadaver liver transplants allegedly to be performed by qualified surgeons in a Philippines hospital.  Id.  In addition to the website, he used various aliases to open bank accounts and UPS mailboxes in the United States, including a bank account in DeWitt, New York and a mailbox in Fayetteville, New York, both in relatively close proximity to his wife's residence in Baldwinsville, New York.  Id.  Through www.liver4you.org, Feldman conducted a fraudulent scheme, bilking at least five patients out of over $300,000.  Id.

On February 3, 2009, federal authorities located Feldman in the Philippines, and on February 11, a grand jury in this district indicted him with five counts of wire fraud, based upon his liver4you.org scheme to defraud organ transplant patients.  Id. at 457.  On March 18, the Philippines deported plaintiff to Guam, where he was arrested for wire fraud.  Id.  Feldman subsequently consented to his removal to this district.  Id.  Plaintiff was charged with one count of health care fraud, on August 6, 2009, by the United States Attorney for the Middle District of Florida, and waived indictment, entered into a plea agreement, and consented to transfer of the case to this district, where it was joined with the wire fraud case.  United States v. Feldman, 64 F.3d at 457.  On August 7, 2009, Feldman pleaded guilty to the health care count and the five wire fraud counts.  Id.  He was sentenced by this court on May 27, 2010, to 188 months in prison because of his "egregious conduct," "gross disregard for suffering," and "indifference to the healthcare of seriously ill people".  Id.  On appeal to the Second Circuit the sentence was affirmed.  Id. at 466.

### 2.    Plaintiff's Bivens Claims

Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983 and alleges claims

of illegal search and seizure, false arrest, malicious prosecution and false imprisonment.  It is well-settled that a § 1983 claim does not lie against the federal government, its agencies, or employees.  See Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.4 (2d. Cir. 1991) (holding that an action brought pursuant to § 1983 cannot lie against federal officers); Murray v. Dep't of Justice, 821 F. Supp. 94, 100 (E.D.N.Y. 1993) (citing Dist. of Columbia v. Carter, 409 U.S. 418, 424-25, 93 S. Ct. 602 (1973)). Section 1983 creates a cause of action against persons, or other entities, who violate one's constitutional rights under color of state law.  The federal government does not act under color of state law.  Chodos v. F.B.I., 559 F. Supp. 69, 72 (S.D.N.Y. 1982), aff'd, 697 F.2d 289 (2d. Cir. 1982) ("An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers.").  Accordingly, to the extent that plaintiff asserts § 1983 claims against defendants, they must be dismissed.

In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights.  See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66-67, 122 S. Ct. 515, 519 (2001) (discussing the origin of Bivens claims).  Bivens actions, although not precisely parallel, are the federal analog to § 1983 actions against state actors.  See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).  Accordingly, affording plaintiff the deference to which he is entitled as a pro se litigant, plaintiff's complaint will be construed as a Bivens action.

"The purpose of the Bivens remedy 'is to deter individual federal officers from committing constitutional violations.'" Arar v. Ashcroft, 585 F.3d 559, 571 (2d Cir. 2009)

7

(quoting <u>Malesko</u>, 534 U.S. at 70, 122 S. Ct. at 520).  The Supreme Court has

cautioned the Bivens remedy is an extraordinary one, which should "rarely if ever be

applied in 'new contexts.'"  <u>Id</u>.   Supreme Court Bivens jurisprudence currently

recognizes that

> only three narrowly defined causes of action can proceed:  unlawful
> search and seizure in the criminal context, under Bivens itself;
> employment discrimination under the Due Process Clause, see Davis v.
> Passman, 442 U.S. 228, 248–49, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979);
> and Eighth Amendment violations by prison officials in the context of
> criminal custody, see Carlson v. Green, 446 U.S. 14, 23–24, 100 S.Ct.
> 1468, 64 L.Ed.2d 15 (1980).

<u>D'Alessandro v. Chertoff</u>, No. 10–CV–927A, 2011 WL 6148756, at * 4 (W.D.N.Y. Dec.

21, 2011).

Plaintiff brings this action against two FBI agents and defendant Kalloy, whom he

identifies as the immigration police chief in Manila, Phillippines.  He alleges that Agent

Lyons sent Kalloy, Agent John, and others, to arrest him without probable cause and

without a warrant.  Plaintiff further alleges that Agent John laughed and said "hey, we

got you" as plaintiff was dragged off a hospital bed to the floor.  According to the

allegations in Feldman's complaint, he was denied the right to counsel, held for five

weeks in the Philippines, and then told that there were no charges against him and that

he would be released from jail.  Plaintiff claims that Agent Lyons, allegedly Agent John's

supervisor, created a policy or custom under which unconstitutional practices occurred

and allowed such policy to continue.  Plaintiff further alleges that Kalloy "was rewarded

[for his assistance] by the FBI Agents with a free shopping trip to the U.S.A. on

3/19/09."  Compl., Dkt. No. 1, Ex. A.

In the first instance, according to plaintiff's own allegations Kalloy is not an officer

of the United States and therefore cannot be sued under Bivens.  See Chin, 833 F.2d at 24 (noting that Bivens claims require federal action analogous to the state action required under 42 U.S.C. § 1983).  Even if plaintiff's complaint could be construed to assert that Kalloy was acting in concert with FBI agents in violating plaintiff's constitutional rights, Bivens would not supply a basis for his federal claim against that defendant.  See Malesko, 534 U.S. at 70-72, 122 S. Ct. at 521-23; see also Espinoza v. Lindsay, No. 11-89J, 2012 WL 566755, at *3 ( W.D.Pa. Jan. 31, 2012) (quoting Minneci v. Pollard, — U.S. —, 132 S. Ct. 617 (Jan. 10. 2012)), report and recommendation adopted, 2012 WL 566791 (W.D.Pa. Feb. 17, 2012).

Turning to the substance of plaintiff's claims, plaintiff's conviction precludes his claims for false arrest, false imprisonment, and malicious prosecution.  Cotton v. Gildersleeve, No. 6:06-CV-0282, 2007 WL 4565161, at *3 (N.D.N.Y. Dec. 21, 2007) (McCurn, S.J.); see also Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995).   These claims are likewise precluded by the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364 (1994), where the Court held that:

> [I]n order to recover from damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's writ of habeas corpus, 28 U.S.C. § 2254.

Id.; see also Tavarez, 54 F.3d at 110 (holding that Heck applies to Bivens claims).  In the case at bar, Feldman was arrested, convicted, and is currently serving his

sentence.[2]

Next, the remaining claim that plaintiff was subjected to excessive force at the time of his arrest will be addressed. When an excessive force claim arises out of an arrest of a free citizen, it is falls within the scope of the Fourth Amendment's guarantee of the right of citizens "to be secure in their persons . . . against unreasonable . . . seizures of the person." Graham v. Conor, 490 U.S. 386, 394, 109 S. Ct. 1865 (1989) (quoting U.S. CONST. amend. IV). In that context, the constitutionality of a particular action is measured under a reasonableness standard—that is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him or her at the time without regard to their underlying motive. Id. at 397. An officer's actions are not to be judged in hindsight, but from the perspective of a reasonable officer on the scene. Jones v. Parmley, 465 F.3d 46, 61 (2d Cir. 2006). Recognizing that officers may need to use some degree of force in the course of an arrest, particularly where they are forced to make split-second judgments in tense situations, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment," Maxwell v. City of N.Y., 380 F.3d 106, 108 (2d Cir. 2004) (quoting Graham, 490 U.S. at 396, 109 S. Ct. 1865) (internal alteration omitted).

In this regard, plaintiff's complaint alleges that Agent John laughed at him and taunted him. It is well established that § 1983 is not intended to represent a code of

---

[2] As previously discussed, plaintiff's sentence was affirmed on appeal. It is also worth noting, however, that presenting pending before this court in plaintiff's criminal proceedings is plaintiff's application seeking habeas corpus relief brought pursuant to 28 U.S.C. § 2255. See United States v. Feldman, 5:09-cv-074, at Dkt. No. 51 and United States v. Feldman, 5:09-cv-074 at Dkt. No. 15.

professional conduct for government officials and that verbal harassment alone is

insufficient to support a constitutional claim.  Alnutt v. Cleary, 913 F. Supp. 160, 165-66

(W.D.N.Y. 1996); Williams v. United States, No. 07 Civ. 3018, 2010 WL 963474, at *16

(S.D.N.Y. Feb. 25, 2010), report and recommendation adopted, 2010 WL 963465 (Mar.

16, 2010); see also Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986); Gill v.

Hoadley, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (Peebles, M.J.); Shabazz v. Pico,

994 F. Supp. 460, 474 (S.D.N.Y. 1998); Moncrieffe v. Witbeck, No. 97-CV-253, 2000

WL 949457, at *3 (N.D.N.Y. June 29, 2000) (Mordue, J.) (finding allegations that

corrections officer laughed at inmate were not actionable under § 1983); Carpio v.

Walker, No. Civ.A.95CV1502, 1997 WL 642543, at *6 (N.D.N.Y. Oct. 15, 1997) (Pooler,

J. & DiBianco, M.J. ) ("[V]erbal harassment alone, unaccompanied by any injury, no

matter how inappropriate, unprofessional, or reprehensible it might seem, does not rise

to the level of an Eighth Amendment violation."). Nor do threats amount to a

constitutional violation. Malsh v. Austin, 901 F. Supp. 757, 763 (S.D.N.Y. 1995). The

allegations that Agent John laughed at plaintiff and harassed him are therefore

insufficient to state a plausible Fourth Amendment claim.

Plaintiff further alleges that when law enforcement located him at the hospital, he

was slammed on the floor and dragged off to a local jail. A later portion of the

complaint alleges plaintiff was dragged off the hospital bed to the floor with "malice

intent." Feldman also asserts that during the five weeks of his detention, he "was

brutally beaten and given electric shocks." Bivens claims, similar to suits under § 1983,

"must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. This

"personal involvement" requirement is satisfied where "a plaintiff demonstrates that a defendant directly participated in the acts alleged to constitute a violation of plaintiff's rights." Wallace v. Conroy, 945 F. Supp. 628, 637 (S.D.N.Y.1996). Plaintiff's complaint does not identify those individuals who were allegedly involved in slamming him on the floor and/or dragging him from a hospital bed; dragging him off to a local jail; or beating him and administering electric shocks while detained. That conduct could have been committed by the defendant FBI agents, local Philippine police, hospital staff, and/or jail staff. Thus, Feldman has not pleaded that each Government-official defendant, through the official's own individual actions, violated the Constitution. Even if it could be concluded that plaintiff alleged a defendant's personal involvement in such acts, his vague and conclusory allegations are insufficient to state a claim. For these reasons, plaintiff's excessive force claim must also be dismissed.

## III.   **Conclusion**

Plaintiff's claims for false arrest, illegal search, false imprisonment, and malicious prosecution fail as a matter of law as a result of the fact that plaintiff has been convicted, after entering into a plea agreement, of the underlying crimes for which he was arrested, thereby establishing that probable caused existed for his arrest, detention, and prosecution. Defendant Kalloy, according to plaintiff's complaint is not a federal official, but a Filipino immigration officer and therefore cannot be sued under Bivens, even assuming jurisdiction could be exercised over this individual defendant. Finally, the allegations supporting plaintiff's excessive force claim are sparse and fail to state a plausible Fourth Amendment violation against any of the named defendants.

Therefore, it is

ORDERED that

    1.  Plaintiff's motion to proceed in forma pauperis, Dkt. No. 2, is GRANTED;

    2.  Plaintiff's complaint is sua sponte DISMISSED for failure to state a cognizable claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B);

    3.  The Clerk shall enter a Judgment dismissing the complaint; and

    4.  The Clerk shall serve a copy of this Decision and Order and the Judgment upon the plaintiff in accordance with the Local Rules and close the file.

    IT IS SO ORDERED.

                                         _____
                                       United States District Judge

Dated:  April 4, 2012
        Utica, New York.